FILED & ENTERED

AUG 31 2015

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell  DEPUTY CLERK

**<u>ORDER NOT FOR PUBLICATION</u>**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>GARRY MICHAEL KANN,<br><br>Debtor. | Case No. 2:13-bk-23722 RK<br><br>Chapter 7<br><br>Adv. No. 2:13-ap-01840 RK |
| GARRETT KELLY KRAUSE,<br><br>Plaintiff,<br><br>vs.<br><br>GARRY MICHAEL KANN,<br><br>Defendant. | **ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DENYING SUMMARY JUDGMENT, GRANTING RELIEF IN PART BY TREATING CERTAIN FACTS AS ESTABLISHED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56(g), VACATING STATUS CONFERENCE AND SETTING PRETRIAL CONFERENCE**<br><br>Hearing<br>Date:    September 2, 2015<br>Time:    1:30 p.m.<br>Place:   Courtroom 1675<br>              255 East Temple Street<br>              Los Angeles, CA 90012 |

    Pending before the court in the above-captioned adversary proceeding is the Motion of Defendant Garry Michael Kann for Summary Judgment ("Motion").  ECF 81.  The Motion is currently set for hearing on September 2, 2015 at 1:30 p.m.  A status conference in the adversary proceeding is also set for the same time.

Having considered the moving, opposing and reply papers, the court determines that oral argument is unnecessary, dispenses with it, takes the Motion under submission, vacates the hearing and status conference, and makes the following rulings.

The Motion argues that Defendant is entitled to summary judgment for four reasons: (1) Plaintiff's claim under 11 U.S.C. § 523(a)(2)(A) based on fraudulent misrepresentation is time-barred by the applicable three-year statute of limitations for fraud or intentional misrepresentation under California Code of Civil Procedure § 338(d); (2) Defendant's alleged misrepresentation that he was the lead principal banker on the "tombstones" for his prior company fails as a matter of law for lack of proof of justifiable reliance and as nonactionable "puffery"; (3) Defendant's alleged misrepresentation that the Airborne and Aerospace transactions would be closing in order to induce Plaintiff to make short term loan advances to Defendant fails as a matter of law for lack of proof of proximate cause of Plaintiff's injury; and (4) Defendant's alleged misrepresentation that he had the intent and ability to repay the advances owed under the Settlement Agreement executed with Plaintiff in February 2009 fail as a matter of law due to lack of proof of his intent and as a nonactionable oral statement regarding his financial condition. Motion at 16-27.

Having read the moving, opposing, and reply papers, and the evidence relating thereto, the court determines that there are genuine issues of material fact related to each of Defendant's claimed bases for granting summary judgment and that the record on the Motion is not clear that Defendant is entitled to judgment as a matter of law. That is, based on Plaintiff's declaration, ECF 85-1, the court determines that there are genuine disputes of material fact for trial whether Plaintiff was aware or should have been aware of Defendant's alleged fraud at least three years before Plaintiff filed suit, whether Plaintiff's reliance on Defendant's tombstone representations was or was not justifiable or that such representations were nonactionable puffery, whether Defendant's alleged misrepresentations regarding the closing of the Airborne and Aerospace transactions did or did not proximately cause Plaintiff's injury and whether Defendant's alleged

misrepresentations of his intent and ability to repay the advances under the Settlement Agreement fail for lack of proof of intent or are nonactionable oral statements of financial condition.

Although the court is denying the Motion for the reasons stated above, the court will deem certain facts established pursuant to Federal Rule of Civil Procedure 56(g). The court notes that as indicated by Plaintiff's Separate Statement of Genuine Issues, ECF 86, Plaintiff has admitted Facts Nos. 9, 10, 25, 26, 28, 31, 37, 41, 42, 45, 46 and 49 of Defendant's Statement of Uncontroverted Facts and Conclusions of Law, ECF 81-1. Also, as indicated by Defendant's Response to Plaintiff's Additional Material Facts, ECF 91-1, Defendant admitted Additional Facts Nos. 1 (except not implicitly admitting that "lead investment banker" is a phrase used in the investment banking industry), 8, 13, 14, 15, 17, 19, 22 (except only admitting "some" steps, not "many") and 23 set forth in Plaintiff's Separate Statement of Genuine Issues, ECF 86. The court will exercise its discretion pursuant to Federal Rules of Civil Procedure 56(g), made applicable here by Federal Rules of Bankruptcy Procedure 7056, and will treat as established Facts 9, 10, 25, 26, 28, 31, 37, 41, 42, 45, 46 and 49 of Defendant's Statement of Uncontroverted Facts and Conclusions of Law and Additional Facts 1 (except not implicitly admitting that "lead investment banker" is a phrase used in the investment banking industry), 8, 13, 14, 15, 17, 19, 22 (except only admitting "some" steps, not "many") and 23 of Plaintiff's Separate Statement of Genuine Issues because these facts are admitted by the parties and are thus not genuinely in dispute pursuant to Federal Rule of Civil Procedure 56(g).

As to the remaining facts in Defendant's and Plaintiff's statements of uncontroverted facts, the court will not deem those facts established. It appears to the court that some of the facts in Defendant's Statement of Uncontroverted Facts may have been implicitly admitted by Plaintiff since they were objected to only because they were unsupported by admissible evidence because the Declaration of Gary Kann in Support of the Motion for Summary Judgment ("Kann Declaration") was originally filed unsigned. The court will not deem these facts admitted because Defendant only later filed a signed

copy of the Kann Declaration, after Plaintiff filed his opposition, and Plaintiff did not have an opportunity to address those facts that were unsupported by admissible evidence at the time the Motion and the Opposition were filed. In any event, because the court is denying the Motion, the parties will have an opportunity to determine what facts are truly undisputed when they prepare and file their joint pre-trial stipulation.

Based on the foregoing, it is hereby ordered as follows:

1. Facts 9, 10, 25, 26, 28, 31, 37, 41, 42, 45, 46 and 49 of Defendant's Statement of Uncontroverted Facts and Additional Facts 1 (except not implicitly admitting that "lead investment banker" is a phrase used in the investment banking industry), 8, 13, 14, 15, 17, 19, 22 (except only admitting "some" steps, not "many") and 23 of Plaintiff's Separate Statement of Genuine Issues are hereby treated as established because such facts are not genuinely in dispute in this adversary proceeding pursuant to Federal Rule of Civil Procedure 56(g) and Federal Rule of Bankruptcy Procedure 7056.

2. The Motion is hereby denied as to Defendant's request for entry of summary judgment.

3. The hearing on the Motion and the status conference set for September 2, 2015 at 1:30 p.m. are vacated and taken off calendar.

4. A pre-trial conference is set for November 10, 2015 at 2:00 p.m.

///
///
///

5. The parties are ordered to file a joint pretrial stipulation on or before November 3, 2015 and otherwise comply with Local Bankruptcy Rule 7016-1 in preparing for the pretrial conference.

IT IS SO ORDERED.

###

Date: August 31, 2015

_____
Robert Kwan
United States Bankruptcy Judge